979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Monroe QUAILES, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5112.
 United States Court of Appeals, Federal Circuit.
 Sept. 17, 1992.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined Nov. 10, 1992.
 
 Before PAULINE NEWMAN, MICHEL and PLAGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Monroe Quailes, Jr. appeals from the decision of the United States Claims Court granting summary judgment for the government and dismissing Mr. Quailes' complaint challenging the Board for the Correction of Naval Records' (BCNR) determination that the United States Navy had not improperly separated Mr. Quailes for misconduct rather than physical disability. 25 Cl.Ct. 659 (1992). We affirm.
 
 DISCUSSION
 
 2
 Our review of the Claims Court's grant of summary judgment is plenary. Pine Prods. Corp. v. United States, 945 F.2d 1555, 1558 (Fed.Cir.1991). Therefore, we need to determine whether the court applied the correct law to the facts in the case, which are undisputed and set forth in the Claims Court's opinion.
 
 
 3
 Mr. Quailes contends on appeal that the BCNR's determination that he failed "to establish the existence of probable material error or injustice" by the Navy in discharging him for misconduct rather than disability, Letter from Board for Correction of Naval Records to Monroe Quailes, Jr. in Gov't App. at 12, was "illegal, unlawful, arbitrary and unsupported by the evidence." [Informal Brief of Appellant at # 2.] However, although documentary evidence existed to show that Mr. Quailes had suffered from mental disorders during some of the time that he served in the Navy, it was also undisputed that Mr. Quailes had received the civilian convictions for which he was discharged under Bureau of Naval Personnel Manual par. 3420185.
 
 
 4
 The Disability Evaluation Manual (SECNAVINST) in effect at the time of Mr. Quailes' discharge provided that, in concurrent disability and disciplinary actions, the Chief of Naval Personnel will take no action on any medical board report before the pending separation action based on misconduct is completed. See SECNAVINST par. 1850.4, § 0229, quoted in Quailes v. United States, 25 Cl.Ct. 659, 665 n. 3 (1992). SECNAVINST further granted discretion to the Chief of Naval Personnel to decide whether to recommend disability evaluation proceedings and, hence, the member may be terminated for misconduct without disability proceedings. Id.
 
 
 5
 Therefore, the BCNR did not err in determining that the evidence submitted by Mr. Quailes in support of his application for correction of his naval record was insufficient to establish that the Navy's decision to discharge Mr. Quailes for misconduct instead of disability was erroneous.
 
 
 6
 In addition, we discern no merit in the constitutional issues raised by Mr. Quailes, which are incomprehensible.
 
 
 7
 Because the BCNR committed no error in denying Mr. Quailes' application for correction of his naval record and because the constitutional claim is meritless, the Claims Court was correct in granting summary judgment for the government. Accordingly, we affirm.